UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff-Appellee,<br><br>v.<br><br>ROBERT WESLEY WARDEN,<br><br>  Defendant-Appellant. | Case No. 3:13-po-00211-EJL (CWD)<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court in the above entitled matter is Defendant Robert Wesley Warden's appeal of Magistrate Judge Candy W. Dale's final judgment finding him guilty of the five counts in the Superseding Indictment. (Dkt. 59, 73.)

# FACTUAL AND PROCEDURAL BACKGROUND

The charges in this case stem from events occurring at around 10:00 p.m. on September 15, 2012 when the Lewis County, Idaho's emergency dispatch received a 911 call reporting a domestic disturbance at a residence located in Kamiah, Idaho within the external boundaries of the Nez Perce Reservation. (Dkt. 106, Govt. Exs. 3, 3A.) The two adults involved in the altercation, Mr. Warden and Pennie Moffett, are both members of the Nez Perce Tribe. (Dkt. 106, Govt. Ex. 1.) Dispatch reported the call to the Nez Perce Tribal Police (NPTP) and Kamiah Marshals Office. The NPTP Officers on duty that night, Officers Kendall Bowser and Kirtus Gaston, were located some distance away

MEMORANDUM DECISIONS AND ORDER

from the residence when they received the call from dispatch and were unable to respond quickly. Given the urgent nature of the call, NPTP Officer Bowser requested that Kamiah Marshal Matthew Taylor respond to the scene until the NPTP Officers could arrive.

Marshal Taylor responded to the reported location to find Ms. Moffett had blood and bruises on her face and a knot on her forehead. Marshal Taylor also noted that Ms. Moffett's two daughters, who were present at the scene, were upset and crying. Ms. Moffett reported to Marshal Taylor that Mr. Warden had grabbed her, threw her to the ground, kicked her in the face, and then pushed one of her daughters before leaving. Mr. Warden was no longer at the residence at that time. Marshal Taylor decided to remain at the home until the NPTP Officers arrived.

Several minutes later, Mr. Warden returned to the home. Marshal Taylor confronted Mr. Warden and told him that he was being detained until the NPTP Officers arrived. (Dkt. 106, Govt. Exs. 6, 6A.) Mr. Warden then began walking towards the residence where Ms. Moffett and her daughters were located. Marshal Taylor directed Mr. Warden to not approach the residence or individuals. Mr. Warden continued walking towards the residence. Marshal Taylor grabbed Mr. Warden's arms and told Mr. Warden he was going to handcuff him. Mr. Warden resisted and a physical struggle ensued between Marshal Taylor and Mr. Warden. During the struggle, Mr. Warden attempted to bite the Marshal. The two eventually separated and verbally agreed to wait for the NPTP Officers to arrive. The NPTP Officers arrived soon thereafter and handcuffed Mr. Warden placing him under arrest.

MEMORANDUM DECISIONS AND ORDER

Mr. Warden was placed in the NPTP Officers' patrol car where he began kicking the interior of the vehicle and yelling. (Dkt. 106, Govt. Exs. 11, 11A.) When the NPTP Officers went to open the car's door to talk to him, Mr. Warden kicked the door causing it to strike the Officers. The NPTP Officers attempted to further restrain Mr. Warden who continued to kick, bite, spit, and threaten the officers. Mr. Warden was eventually arrested and taken to jail by the NPTP Officers.

On September 17, 2012, the Nez Perce Tribal Prosecutor charged Mr. Warden with resisting and obstructing arrest, battery on a tribal officer, domestic violence, and battery on an officer. (Dkt. 106, Govt. Ex. 2.) The tribal charges were later dismissed on April 18, 2013. (Dkt. 106, Govt. Ex. 2.) On August 20, 2013, the Government filed the Indictment in this case charging Mr. Warden with assault of Marshal Taylor in violation of 18 U.S.C. §§ 113(a)(5) and 1152. (Dkt. 1.) A Superseding Indictment was filed on November 19, 2013 which added charges against Mr. Warden alleging he assaulted both of the NPTP Officers. (Dkt. 13.)

CJA counsel was appointed to represent Mr. Warden. (Dkt. 25, 26.) On May 6-7, 2014, a bench trial was held before Magistrate Judge Dale where Mr. Warden was found guilty on all five counts. (Dkt. 44, 45.) On August 27, 2014, the Court held a sentencing hearing at which Mr. Warden elected to represent himself. (Dkt. 57.)[1] The Court sentenced Mr. Warden to four months custody on each of Counts one through four, to run

---

[1] The sentencing was originally set for August 19, 2014 but Mr. Warden failed to appear. (Dkt. 54.) A bench warrant was issued and executed after which the August 27, 2014 hearing was scheduled. (Dkt. 54-56.)

MEMORANDUM DECISIONS AND ORDER

concurrently, and six months custody on Count five, to run consecutively, for a total of ten months incarceration. (Dkt. 57, 58.) Mr. Warden filed his *pro se* Notice of Appeal on September 8, 2014. (Dkt. 59.)[2] CJA counsel was appointed to represent Mr. Warden in the appeal proceedings. (Dkt. 75.)[3] The parties have fully briefed the appeal and this Court finds as follows. (Dkt. 73, 101, 102, 105, 107.)

## STANDARD ON APPEAL

The United States Magistrate Judge had original federal jurisdiction over this action, a Class B Misdemeanor, pursuant to 18 U.S.C. § 3401. Therefore, this Court has jurisdiction over the appeal pursuant to Federal Rules of Criminal Procedure 58(g)(2)(B) and (D) and Local Criminal Rule 58.2. "The scope of appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge" Fed. R. Crim. Proc. 58(g)(2)(D)("The defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge."); Local Criminal Rule 58.2 "Actual findings of the trial court which have been expressed in findings of fact and conclusions of law are subject to a clearly erroneous standard of review." *United States v. Doremus*, 658 F.Supp. 752, 754 (D. Idaho 1987) (citing *United States v. Bautista*, 509 F.2d 675 (9th Cir. 1975). "Questions of law are subject to de novo review." *Id.* (citing *United States v. Nance*, 666 F.2d 353 (9th Cir.

---

[2] The appeal was timely filed but mistakenly sent to the Ninth Circuit initially. The appeal was then properly sent to this Court for its consideration. (Dkt. 76.)

[3] Mr. Warden also filed a § 2255 Petition to which has been denied. (Dkt. 64, 65, 66, 67.)

MEMORANDUM DECISIONS AND ORDER

1982).⁴ Stated differently, this Court reviews *de novo* a magistrate judge's legal conclusions and reviews any underlying factual findings for clear error. *Quinn v. Robinson*, 783 F.2d 776, 791 (9th Cir.1986); Fed. R. Crim. P. 58(g)(2)(D). The challenged judgment is reversible only if it is clearly erroneous or contrary to law. *See United States v. Ramirez*, 555 F.Supp. 736, 738-39 (E.D. Cal. 1983); *United States v. Li*, 510 F.Supp. 276, 277 (D. Haw. 1981).

## DISCUSSION

**1.   Subject Matter Jurisdiction**

Mr. Warden argues the Magistrate Judge lacked subject matter jurisdiction to hear the case because Marshal Taylor, a non-tribal officer, lacked authority to detain Mr. Warden on Indian land. (Dkt. 101 at 8-12.) Jurisdiction in this case, Mr. Warden argues should lie with the Tribe under the second portion of § 1152 because the Tribe had original jurisdiction over the matter and Mr. Warden was punished by the Tribe. (Dkt. 101 at 9-11) (Dkt. 107 at 9-10.) The Government argues the Magistrate Judge properly determined that she had jurisdiction to hear the case. (Dkt. 105 at 9-12, 19-21.) In reply, Appellant maintains that the Magistrate Judge should have more clearly addressed the

---

⁴ Both parties state that the *de novo* standard of review applies in this case and cite to *United States v. Koenig*, 912 F.2d 1190 (9th Cir. 1990). (Dkt. 101, 105.) *Koenig* involved a magistrate judge's denial of pretrial release from detention. Because the district court, not the magistrate judge, in that case had original jurisdiction over the offenses for which the detention was ordered, the matter was not an "appeal" of the magistrate judge's order and the *de novo* standard was appropriate. In this case, however, the Magistrate Judge had original jurisdiction over the charges. Therefore, this case is an "appeal" and the appellate standard of review articulated herein applies.

federal-tribal concurrent jurisdiction issue. (Dkt. 107.) Specifically, Appellant contends that Marshal Taylor lacked authority to detain him in Indian country, the Marshal's detention of Mr. Warden contributed to the ultimate arrest by tribal authorities, and, when coupled with the Tribe exercising original jurisdiction and punishing Mr. Warden, all show that the Magistrate Judge lacked subject matter jurisdiction. (Dkt. 107 at 7.) This issue raises a legal question which this Court reviews *de novo*.

Magistrate Judge Dale determined she had jurisdiction over the charges pursuant to 18 U.S.C. § 1152. (Dkt. 92, Tran. at 8) (Dkt. 93, Tran. at 25.) This Court concludes the Magistrate Judge correctly found subject matter jurisdiction was proper. Section 1152 extends the general laws of the United States to Indian country which includes the crime of simple assault, 18 U.S.C. § 113(a)(5), as charged in this case. *See* 18 U.S.C. § 1152. Under 18 U.S.C. § 1152, crimes in which the perpetrator, but not the victim, is an Indian are subject to federal jurisdiction. *United States v. Bruce*, 394 F.3d 1215, 1221 (9th Cir. 2005). In this case, Mr. Warden, the perpetrator, is a member of the Nez Perce Tribe and the victims were all non-tribal members. For these reasons, the Magistrate Judge Dale properly found she had subject matter over the crimes alleged against Mr. Warden. *Id.*

The second paragraph of § 1152 – excluding jurisdiction of offenses committed by an Indian in Indian country who has been punished by the local law of the tribe – does not apply here because Mr. Warden was not punished by the local law of the Tribe for assaulting the officers. *See United States v. Strong*, 778 F.2d 1393, 1396 (9th Cir. 1985). The Tribe filed and then later dismissed its charges against Mr. Warden before the charges in this case were filed. (Dkt. 106, Govt. Ex. 2.)

MEMORANDUM DECISIONS AND ORDER

Appellant argues, however, that the Tribe's dismissal was not predicated upon federal charges being brought and the Tribe punished Mr. Warden because he was incarcerated awaiting his tribal case. (Dkt. 101 at 14) (Dkt. 102) (Dkt. 107 at 9-10.) In support of this argument, Appellant points to sealed plea offers made to Mr. Warden from the Tribe's Prosecutor which, he argues, show he served jail time on the charges brought by the Tribe. (Dkt. 102.) Having reviewed the plea offers, this Court disagrees with the Appellant. The plea offers state that, if accepted, the Tribal Prosecutor would recommend a particular sentence which included credit for thirty days served. Those offers were valid until October 16, 2012. There is no indication, however, that the offers were ever accepted. Just the opposite, the record shows the Tribe dismissed the charges on April 18, 2013. There is no other basis offered to establish that Mr. Warden served jail time on these charges. For these reasons, the Court finds there has been no showing made that Mr. Warden was punished by the Tribe. Furthermore, it does not appear these documents were presented or considered by the Magistrate Judge during the underlying proceedings. *See Cold Mountain v. Garber*, 375 F.3d 884, 891 (9th Cir. 2004) ("In general, we do not consider claims raised for the first time on appeal."); *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) (new evidence cannot be introduced on appeal).

Even if Mr. Warden did serve jail time on the Tribal charges, this Court concludes that fact does not divest the Magistrate Judge of jurisdiction under 18 U.S.C. § 1152. The Tribe brought several charges against Mr. Warden including resisting and obstructing the officers, battery and aggravated battery on the officers, and domestic violence on Ms. Moffett. (Dkt. 106, Govt. Ex. 2.) Appellant has not shown that any jail time Mr. Warden

MEMORANDUM DECISIONS AND ORDER

served while awaiting the Tribal charges was punishment for the same the assault charges brought in this case. *See United States v. Webster*, 797 F.3d 531, 536-37 (8th Cir. 2015) (concluding the Government is not required to show the absence of tribal punishment as an element of § 1152). Further, the fact that the Tribal court filed charges and dismissing the same does not amount to "punishment" by the Tribe as contemplated by 18 U.S.C. § 1152's second provision. The Tribe did not pursue, let alone convict Mr. Warden of any of the charges it brought. Instead, all of the Tribe's charges were dismissed. This is not a case of successive prosecution by the federal court after the Tribe has imposed punishment for the same offense. *Bruce*, 394 F.3d at 1220-21. For these reasons, the Court finds that Mr. Warden was not punished by the Tribe for the crimes of assault as charged in this case. Equitable principles do not warrant a different outcome. The convictions and sentences imposed by the Magistrate Judge in this case were the first time Mr. Warden was punished for these crimes.

For these reasons, the Court rejects the Appellant's arguments in this regard and affirms the Magistrate Judge's Verdict and Judgment.

**2.     Application of the Facts and Law**

Appellant's brief lists as an issue whether the Magistrate Judge correctly applied the facts in the case to interpret subject matter jurisdiction and the law under the charging statutes. (Dkt. 101 at 5.) As determined above, this Court agrees the Magistrate Judge correctly determined that subject matter jurisdiction existed over the charges in this case. As to any challenge to the Magistrate Judge's application of the facts to the law under the charging statutes, that question is subject to the clearly erroneous standard of review.

This Court has reviewed the transcripts in this case as well as the evidence and arguments of both sides. Having done so, this Court finds the Magistrate Judge's application of the facts to the charges was not clearly erroneous. The Magistrate Judge clearly articulated the elements of the offense of each of the charges and the facts in the record that satisfy each of those elements on each of the charges. (Dkt. 92, Tran. at 8-14.) Additionally, this Court's own review of the record is consistent with that of the Magistrate Judge. This Court concludes, just as the Magistrate Judge has, that when applying the facts in this case to the charges, Mr. Warden is guilty of each of those charges.

3. **Lawful Resistance Defense**

Appellant argues Mr. Warden's conduct was lawful resistance against Marshal Taylor's unlawful use of force and, therefore, his actions were warranted under the circumstances and he should not be found guilty of assault. (Dkt. 101 at 18-19.) The Government counters that Marshal Taylor had lawful authority to detain Mr. Warden and notes that this argument only goes to the charge contained in Count five. (Dkt. 105 at 12-17.) Appellant's reply maintains Marshal Taylor lacked authority to detain Mr. Warden in Indian Country. (Dkt. 107 at 7-9.)

This Court's *de novo* review of this question of law is that the Magistrate Judge correctly concluded Mr. Warden's argument of lawful resistance was not a defense to the crime of assault. (Dkt. 92, Tran. at 12-14) (distinguishing claims of illegal arrest and/or excessive force from the crime of assault). Again, the Magistrate Judge accurately stated

the law applicable to the crime of assault and applied the facts presented in this case to that law in finding Mr. Warden guilty of the assault charges. (Dkt. 92, Tran. at 8-11.)

## 4. Exigent Circumstances

Appellant argues no exigent circumstances existed in this case to justify Marshal Taylor's detention of Mr. Warden. (Dkt. 101 at 14-17) (Dkt. 107 at 6.) Appellant asks this Court to dismiss exigent circumstances as a legitimate justification for Mr. Warden's detention which "blurred the behavior charged as assaults and led to his arrest." (Dkt. 101 at 14.) The Government maintains the exigent circumstances justified Marshal Taylor's detention of Mr. Warden. (Dkt. 105 at 13-18.)

In making her oral ruling, the Magistrate Judge stated that Marshal Taylor "encountered exigent circumstances due to the nature of the 9-1-1 call and the lack of compliance by Mr. Warden" which further supports the verdict, citing to *Ross v. Neff*, 905 F.2d 1349 (10th Cir. 1990). (Dkt. 92, Tran. at 13-14.)[5] This comment was part of the Magistrate Judge's discussion addressing the defense argument that Marshal Taylor's detention was unlawful and, therefore, Mr. Warden had the right to resist. (Dkt. 92, Tran. at 12-14.) The Magistrate Judge's finding of guilt, however, was based on Mr. Warden's conduct towards the officers, not exigent circumstances. (Dkt. 92, Tran. at 9-11.) As

---

[5] In *Ross* the Tenth Circuit recognized that a warrantless arrest executed outside of an arresting officer's jurisdiction is presumptively unreasonable absent exigent circumstances. *Id.* at 1354. *Ross*, and the cases following it, stand for the proposition that an arrest unauthorized by state law it may not rise to the level of an unlawful seizure in violation of the Fourth Amendment; the test for a Fourth Amendment violation remains one of reasonableness under the circumstances. *See e.g. United States v. Gonzales*, 535 F.3d 1174 (10th Cir. 2008); *United States v. Mikulski*, 317 F.3d 1228 (10th Cir. 2003).

MEMORANDUM DECISIONS AND ORDER

stated above, this Court has reviewed the matter *de novo* and finds the Magistrate Judge correctly stated the law applicable to the charges in this case and properly determined that the defense does not apply.

Appellant also cites to a statement by the Magistrate Judge from the sentencing proceeding where the Magistrate Judge stated: "whether or not there were exigent circumstances, that's totally not pertinent to the Court's conclusion that the crimes were committed." (Dkt. 101 at 14) (quoting Dkt. 94 at 47.) When read in the full context of the Magistrate Judge's comments at sentencing, that statement clarified to Mr. Warden that there was no excuse for his conduct and that he had committed the crime of assault regardless of whether Marshal Taylor was acting as a law enforcement officer or had just been a Good Samaritan who heard the altercation at the home and stopped to help.[6] This Court finds the Magistrate Judge's statement at sentencing again evidences the fact that her finding of guilt on the assault charge was based upon Mr. Warden's conduct on September 15, 2012. As stated above, this Court finds the Magistrate Judge properly applied the facts to the law and concluded that Mr. Warden had committed the crimes of assault as charged in each of the counts of the Superseding Indictment.

5.   **Conclusion**

Having reviewed *de novo* the entire record from the underlying proceedings as well as the arguments made in this appeal by both sides, this Court concludes the

---

[6] These comments by the Magistrate Judge at sentencing are consistent with her oral rulings finding Mr. Warden guilty. (Dkt. 92, Tran. at 14-15.)

MEMORANDUM DECISIONS AND ORDER

Magistrate Judge's legal conclusions were correct and consistent with the law applicable in this case. Further, his Court finds the Magistrate Judge's factual findings were not clearly erroneous or contrary to law. For these reasons, the Court affirms the Magistrate Judge's Verdict and Judgment.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Magistrate Judge's Verdict and Judgment are **AFFIRMED**.

DATED: October 6, 2016

_____
Edward J. Lodge
United States District Judge